IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:01 CR 19

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| VIRGINIA HAWKINS RATCLIFF,<br>Defendant, | )<br>)<br>) |
| and | )<br>) |
| WINDOW NATION, LLC,<br>Garnishee. | )<br>) |

## ORDER

This matter is before the Court on the Government's Motion for Order of Continuing Garnishment (Doc. 61).

On December 14, 2001, Defendant was sentenced for her conviction of theft, embezzlement, or misapplication by a bank officer. As a term of the resulting Judgment, Defendant was ordered to pay an assessment of $100.00 and restitution of $47,400.00 to the victims of the crime. Doc. 14. The balance of this debt as of October 25, 2019 was $12,766.04. Doc. 61, p. 1.

On October 28, 2019, the Court entered a Writ of Continuing Garnishment (the "Writ"). Doc. 57.

On October 31, 2019, the Government mailed the garnishment package (consisting of the Writ and instructions to Defendant informing her of her right

to seek a hearing or claim certain exemptions, see Doc. 58) to Defendant by certified mail. See Doc. 59 (Certification of Mailing of Documents to Defendant and Garnishee); Doc. 61-1 (November 4, 2019 delivery receipt for Garnishee; November 5, 2019 delivery receipt for Defendant).

On December 31, 2019, the Garnishee filed its Answer, which indicates that the Garnishee has in its custody, control, or possession, property or funds owned by or owing to Defendant, in particular, employment earnings. Doc. 60.

On September 14, 2020, the Government served the Garnishee's Answer on Defendant by Federal Express, and Defendant received the Garnishee's Answer on September 15, 2020. Doc. 61-2.

Pursuant to federal debt collection procedures, a judgment debtor or the United States may file a written objection to the answer of a garnishee and request a hearing. Such filings are due "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5). Defendant was advised of this deadline. Doc. 58, p. 1 ("unless within twenty (20) days from the date of receipt of the Answer of the garnishee, you file a written objection to explain why you think these funds are exempt under state or federal law and request a hearing, a Court Order will be entered attaching the funds or property and the funds or property will be applied against the judgment owed the United States of America.").

Defendant has not requested a hearing with regard to the potential garnishment, and the statutory time period to do so has expired. 28 U.S.C. § 3205(c)(5); 28 U.S.C. § 3205(c)(7).

The Government now seeks an order of continuing garnishment in the amount of $12,766.04 computed through October 25, 2019, of (1) up to 25 percent of the Defendant's disposable earnings which remain after all deductions required by law have been withheld, and (2) 100 percent of all 1099 payments. See Doc. 61, p.3; 15 U.S.C. § 1673(a).

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Order of Continuing Garnishment (Doc. 61) is **GRANTED**; and

2. An Order of Continuing Garnishment is **ENTERED** in the amount of $12,766.04 computed through October 25, 2019. The Garnishee is directed to pay the United States the maximum allowable garnishment from Defendant's aggregate disposable earnings for any workweek, pursuant to 15 U.S.C. § 1673. The payments shall continue until the debt to the United States is paid in full, until the Garnishee no longer has custody, possession, or control of any property belonging to Defendant, or until further Order of this Court, whichever first occurs.

3. The Garnishee is **DIRECTED** to advise the Government if Defendant's employment is terminated at any time by either the Garnishee or Defendant.

Signed: October 22, 2020

W. Carleton Metcalf
United States Magistrate Judge